IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01033-PAB-NRN

JOHN DOE,

    Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, and
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Motion to Proceed Using Pseudonym [Docket No. 2]. On June 8, 2020, defendants responded in opposition to plaintiff's motion. Docket No. 16. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I.  BACKGROUND

On April 10, 2020, plaintiff sued defendants for breach of contract, bad faith breach of an insurance contract, and unreasonable delay or denial of insurance benefits arising out of defendants' denial of plaintiff's claim for disability insurance benefits. Docket No. 1 at 9-13. The same day, plaintiff filed a motion to proceed in this case using a pseudonym. Docket No. 2. As grounds for his motion, plaintiff argues that, because his underlying disability is based on his "diagnosed mental illnesses, including Post Traumatic Stress Disorder ('PTSD')," the highly sensitive and private

nature of this lawsuit warrants leave to proceed anonymously. *Id.* at 3, ¶ 9. In addition, plaintiff states that he is concerned that, if his name and information are made publicly available through this lawsuit, there may be a real danger of physical harm to him and his family. *Id.* at 2, ¶ 5; *id.* at 3, ¶ 9. Specifically, plaintiff states that, several years ago, he fired an employee, who then engaged in a series of threatening behaviors against plaintiff and plaintiff's family, which resulted in plaintiff obtaining a permanent restraining order against the former employee. *Id.* at 1-2, ¶ 3. Plaintiff states that he must be permitted to proceed anonymously in order to ensure that his whereabouts remain unknown to this former employee. *Id.* at 3, ¶ 9. Finally, plaintiff asserts that proceeding in this case under his real name may exacerbate his PTSD symptoms, and that leave to proceed anonymously is warranted to prevent this potential injury. *Id.*

## II.  LEGAL STANDARD

"Proceeding under pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation omitted). "Moreover, there does not appear to be any specific statute or rule supporting the practice. . . . To the contrary, the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties, *see* Fed.R.Civ.P. 10(a), and Rule 17(a) specifically states that '[e]very action shall be prosecuted in the name of the real party in interest.'" *Id.* (quoting Fed.R.Civ.P. 17(a)). However, the Tenth Circuit has recognized three "exceptional" circumstances in which permitting a party to proceed under a pseudonym is appropriate: (1) "cases involving matters of a highly sensitive and personal nature," (2) cases involving a "real danger of physical harm," or (3)

"where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

"The public has a common law right to access judicial records and documents in civil cases, but the right is not absolute." *Doe v. FBI*, 218 F.R.D. 256, 258 (D. Colo. 2003). "[I]t is proper to weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 at 1246. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id.* "The risk that a plaintiff may suffer some embarrassment is not enough" to permit the plaintiff to proceed anonymously. *Id.*

## III. ANALYSIS

### A. Highly Sensitive Nature of This Case

Plaintiff argues that his situation satisfies each of the three *Femedeer* factors. Docket No. 2 at 3, ¶ 9. First, he asserts that, due to the strong social stigma attached to mental illness, he is entitled to proceed under a pseudonym. *Id.*, ¶¶ 8-9. He states that his "disability is highly sensitive and personal, not only because of his prior abilities as a high-functioning CEO and President of a nationwide corporation, but because his inability to continue performing in that capacity is due, at least in part, to highly sensitive and personal matters concerning [his] mental illnesses," including PTSD. *Id.* Defendants respond that plaintiff's circumstances are not so exceptional as to warrant granting him leave to proceed anonymously and argue that "[t]he mere fact that plaintiff is an executive at a national company does not entitle him to any higher level of deference than an 'ordinary' individual." Docket No. 16 at 9

"The risk that a plaintiff may suffer some embarrassment is insufficient to permit anonymity," *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005) (unpublished), and leave to proceed under a pseudonym will not be granted "when only the plaintiff's economic or professional concerns are involved." *Nat'l Commodity and Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). Plaintiff asserts that his "mental illnesses, including Post Traumatic Stress Disorder ('PTSD')" are highly sensitive in nature, particular when viewed in the context of his former position as president and CEO of a nationwide business. Docket No. 2 at 3, ¶ 9.

Some courts have recognized a public interest in "ensuring that the 'rights of mental illness sufferers are represented fairly and without the risk of stigmatization'" and that this cannot "'be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public.'" *Doe v. Standard Ins. Co.*, 2015 WL 5778566, at *2 (D. Me. Oct. 2, 2015) (quoting *Doe v. Hartford Life and Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006)). However, "[t]he mere fact that a plaintiff alleges a mental health condition, or seeks to recover damages or benefits for a mental health condition, is not dispositive." *Id.* Here, plaintiff has not specifically explained why he is entitled to proceed anonymously beyond implied allegations that he will suffer embarrassment, or perhaps reputational damage, should his identity be disclosed. *See generally* Docket No. 2 at 3. But a risk of embarrassment damage to plaintiff's professional reputation is insufficient to constitute an "exceptional" circumstance warranting leave to proceed anonymously. *See Doe v. UNUM Life Ins. Co. of Am.*,

4

164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016) (denying motion to proceed anonymously filed by a plaintiff, who was a prominent lawyer suffering from an anxiety disorder, because "the potential embarrassment or increased anxiety brought on by litigation does not justify anonymity."). "Courts are public institutions which exist for the public to serve the public interest.  Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society." *Doe v. FBI*, 218 F.R.D. at 258.  While the Court is sympathetic to plaintiff's privacy concerns,[1] the Court does not find that this case presents issues that are so highly personal or sensitive in nature so as to constitute an exceptional circumstance requiring leave to use a pseudonym.

### B.  Risk of Physical Harm

Plaintiff asserts that he should be granted leave to proceed under a pseudonym because the disclosure of his identity presents a real danger of physical harm to plaintiff and his family.  Docket No. 2 at 3, ¶ 9.  However, plaintiff does not explain why using his real name in this lawsuit creates a risk of danger of physical harm.  According to plaintiff's motion, plaintiff's identity is already known to the former employee against whom plaintiff obtained a restraining order. *See, e.g.*, *id.* (explaining contact plaintiff received from former employee).  There is no indication

---

[1] The Court notes that one of the cases plaintiff relies upon – a case in which many other courts granting leave to proceed anonymously due to mental illness have also relied upon – was published in 1979. *See Doe v. Colautti*, 592 F.2d 704 (3d Cir. 1979).  While the Court does not discredit the fact that a social stigma surrounding mental illnesses still exists to this day, the societal awareness and understanding of mental illnesses has improved since *Colautti* was published over forty years ago.

that this lawsuit would identify plaintiff's whereabouts or home address or provide any information to the former employee that the former employee does not already know. And, as defendants suggest, the parties may obtain a protective order under Fed. R. Civ. P. 26(c) or may seek to restrict certain documents under D.C.COLO.LCivR 7.2 should any filing reveal plaintiff's address or other personal information. *See* Docket No. 16 at 12. Because there are less restrictive measures that may provide plaintiff the privacy that he seeks, and because there is no indication that plaintiff proceeding in this case under his real name would provide any additional information to the former employee, the Court finds that this is not a sufficient basis to grant leave to proceed anonymously. *See Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss. 1987) (denying motion to proceed under a pseudonym where "the source of any harassment apparently is already aware of plaintiff's identity, and there is little reason to believe that disclosure of her identity in this lawsuit would serve to increase the number of such incidents"); *see also Daly v. Fed. Bureau of Prisons*, No. 09-cv-01722-BNB, 2009 WL 2193897, at *2 (D. Colo. July 21, 2009) ("[A]llowing Plaintiff to use a pseudonym will not prevent the harm he seeks to avoid through the use of a pseudonym because he alleges that the documents he seeks already have been disclosed to other inmates").

### C. Preventing Injury

Finally, plaintiff argues that he should be granted leave to proceed under a pseudonym because disclosure of his identity could potentially exacerbate his PTSD symptoms, thus fitting under the third *Femedeer* factor. Docket No. 2 at 3, ¶ 9. A

plaintiff may be permitted to proceed anonymously "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).  However, leave to proceed anonymously is not available where the injury of which plaintiff complains in his complaint has already occurred.  *Doe v. FBI*, 218 F.R.D. at 260.  Here, plaintiff has sued defendants based on the alleged wrongful denial of disability insurance benefits.  Docket No. 1 at 9-13.  Because the injury that plaintiff seeks to prevent – exacerbation of his PTSD symptoms – is not referenced in his complaint, this is not a viable basis upon which to base a motion to proceed anonymously.  *Cf. Doe v. UNUM*, 164 F. Supp. 3d at 1145 (denying motion to proceed anonymously where "[t]he injury litigated against – denial of ERISA benefits – will not occur as a result of disclosing Doe's identity").  Because the Court does not find that leave to proceed anonymously is warranted in this case, the Court will deny plaintiff's motion.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that  Plaintiff's Motion to Proceed Using Pseudonym [Docket No. 2] is **DENIED**.

DATED June 23, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge